**STATE**

v.

**Mahmoud MERHI.**

No. 94–314–C.A.

Supreme Court of Rhode Island.

March 27, 1995.

Lauren Zurier, Aaron Weisman, Providence.

Edward Romano, Providence.

#### ORDER

This case came before this Court on February 23, 1995 pursuant to an order directing the defendant to appear and to show cause why his appeal should not be dismissed. The defendant contends that the trial justice erred in failing to grant his motion for new trial.

It is well settled that "[a] trial justice may grant [a] new-trial motion if, relying on his or her independent assessment of the weight and credibility of the evidence, he or she determines that the verdict is against the preponderance of the evidence." *State v. Bleau,* 649 A.2d 215, 219 (R.I.1994) (quoting *State v. Mercado,* 635 A.2d 260, 265 (R.I. 1993)). "If, however, a trial justice agrees with the verdict or determines that reason-

able minds could fairly come to different conclusions, then the new-trial motion must be denied." *Id.* We shall not reverse a trial justice's determination when the facts relied upon by the justice are clearly articulated unless the decision "overlooked or misconceived material evidence relating to a critical issue or was otherwise clearly wrong." *Caruolo,* 524 A.2d 575, 585 (R.I.1987).

In the instant case, the trial justice carefully sifted through the testimony of each witness presented and clearly set forth his findings. We cannot say from our examination of the record that the trial justice "overlooked or misconceived material evidence relating to a critical issue or was otherwise clearly wrong." *Id.*

Consequently, after hearing the arguments of counsel and reviewing the memoranda the parties submitted, this court concludes that cause has not been shown. The defendant's appeal is denied and dismissed.